Mr. James D. Gingerich, Director Administrative Office of the Courts 625 Marshall Street Little Rock, Arkansas 72201-1020
Dear Mr. Gingerich:
This is in response to your request, on behalf of the Judicial Resources Assessment Committee of the Arkansas Judicial Council, for an opinion on whether certain provisions in Acts 1355 and 1522 of 1999 are constitutional. These two acts each create a new circuit chancery judgeship. Act 1355 does so in the Third Judicial District, and Act 1522 creates a new judgeship in the First Judicial District.
You note that under A.C.A. § 16-10-501[1] and A.C.A. § 10-2-124,[2]
the Judicial Resources Assessment Committee of the Arkansas Judicial Council has the authority and responsibility to study, analyze, and make recommendations to the General Assembly on the need for new judgeships or judicial redistricting. The members of the Committee are all trial court judges, two selected from each of the six state Court of Appeals districts. You note that prior to the 1999 legislative session, the Judicial Council received requests for the creation of multiple judgeships across the State of Arkansas and provided recommendations to the Governor and General Assembly pursuant to the statutes above. With respect to the judgeships in the First and Third Judicial Districts, however, no requests were received and therefore no recommendation was given. You state that "[a]pparently, as a way to cure this defect, Acts 1355 and 1522 include language which provides for post-session review by the Judicial Council."
Specifically, Act 1355, after creating a new judgeship in the Third Judicial District (effective January 1, 2001), provides that:
 Notwithstanding the passage and approval of this act by the Eighty-Second General Assembly, its provisions shall be effective only when and if approved by the Judicial Resources Assessment Committee which said approval shall be in writing to the chairmen of the Senate and House Judiciary Committees.
Acts 1999, No. 1355, § 2.
Act 1522, after creating a new circuit-chancery judgeship in the First Judicial District, to be temporarily filled by appointment by the Governor (pending the election and swearing in of an elected judge in late 2000 and early 2001), provides that:
 (a) The provisions of this act shall be effective only if approved by the Arkansas Judicial Council which said approval shall be in writing to the chairmen of the Senate and House Judiciary Committees.
 (b) The Arkansas Judicial Council is hereby directed to review the provisions of this act together with all other acts passed and approved by the 82nd General Assembly regarding the division of, or the adding of judgeships to the First Judicial Circuit, and approve the plan which the Arkansas Judicial Council determines to be the best solution to the problems facing the First Judicial Circuit.
 (c) If it is determined by the Arkansas Judicial Council that none of the acts passed regarding the First Judicial Circuit is meritorious, then none of the acts should be approved by the Arkansas Judicial Council and none of the acts shall take effect even after passage and approval by the 82nd General Assembly.
Acts 1999, No. 1522, § 2.
You state that at a recent meeting of the Arkansas Judicial Council, these provisions of Act 1522 and 1355 were discussed by the members of the Judicial Resources Assessment Committee, the Board of Directors, and subsequently, by the full membership. The end result of all of these discussions was a decision to request that the Judicial Resources Assessment Committee proceed with a review and analysis of the need for additional judgeships in the First and Third Districts. A decision was also made, however, to seek the Attorney General's counsel and advice concerning the legality of the authority provided to the Judicial Council in the language of the pertinent acts above.
RESPONSE
It is my opinion that the relevant language of both Acts 1355 and 1522 is constitutionally suspect as an unlawful delegation of legislative power.
The "unlawful delegation" doctrine arises from the "separation or powers" mandated by the Arkansas Constitution:
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
Arkansas Constitution, art. 4, §§ 1 and 2.
Article 4 of the Arkansas Constitution contains the so-called "separation of powers" doctrine, which requires that the three branches of government (legislative, executive, and judicial) remain separate and distinct, and that such separation be strictly enforced. See generally, Oates v.Rogers, 201 Ark. 335, 144 S.W.2d 437 (1940). The doctrine has long been a part of Arkansas' form of government. Under the classic division of powers, the legislature makes the laws and appropriates state revenues, the executive administers the law and expends the appropriations, and the judiciary interprets the law. See Chaffin v. Arkansas Game and FishCommission, 297 Ark. 431, 757 S.W.2d 950 (1988), Federal Express Corp.v. Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979), and Hooker v. Parkin,235 Ark. 218, 357 S.W.2d 534 (1962).
Clearly, the legislature cannot delegate its power to make laws. The functions of the legislature must be exercised by it alone. Walden v.Hart, 243 Ark. 650, 420 S.W.2d 868 (1967). "The power to declare whether or not there shall be a law, to determine the general purpose or policy to be achieved by the law and to fix the limits of its operation cannot be delegated by the legislature. Thus, the legislature may not delegate its power to create inferior courts. . . ." 16 C.J.S. ConstitutionalLaw, § 137.
The most recent relevant case I have found on the question of judicial officers being invested with the authority to declare whether an inferior court shall be created is People ex rel. Bernat v. Bicek, 405 Ill. 510,91 N.E.2d 588 (1950). In Bernat, the state legislature passed an act providing for the creation of a "Divorce Division" in each judicial circuit of the state. The act provided, however, that "the establishment of a Divorce Division in any such judicial circuit shall be effected by the adoption of a resolution, concurred in by all or a majority of the Circuit Court judges and Superior Court judges, as the case may require. . . . [U]pon filing [of the resolution] the Divorce Division shall be deemed created in such respective judicial circuits." Id. at 590.
The first allegation made against this language was that it represented an unlawful delegation of legislative power. The Illinois Supreme Court agreed, stating:
 Section 2 of the statute grants power to the judges of the circuit and superior courts of Cook County to determine whether a Divorce Division shall be created in the judicial circuit of Cook County. . . . The statute does not purport to create a Divorce Division for the judicial circuit of Cook County and the other seventeen circuits but, instead, reflects an abrogation of power by the legislature to the judiciary. In short, the judges may, in their discretion, decide whether the Domestic Relations Act shall be the law in their judicial circuit. . . . Determination of whether divorce divisions shall be established in judicial circuits of the State is a legislative and not a judicial function. Since the statute grants to the judges of the superior and circuit courts the option of adopting or rejecting the Domestic Relations Act, it is, for all practical purposes, a delegation of legislative power. . . .
91 N.E.2d at 591-592.
The Illinois Supreme Court held the act in question "void." Id. at 596.
I must opine, similarly, that the relevant language in Acts 1355 and 1522 represents an unlawful delegation of legislative power to the judiciary. The Arkansas Judicial Council and the Judicial Resources Assessment Committee, being a "collection of persons" of the judicial branch (see Arkansas Constitution, art. 4, § 2), may not constitutionally exercise this legislative power.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This statute provides in pertinent part that: "The Arkansas Judicial Council . . . is authorized and directed to develop criteria for new judgeships or redistricting of the circuit and chancery court districts of this state and to make recommendations to the regular or special session of the General Assembly regarding the number and boundaries of the circuit and chancery court districts in the state, [and] the number and types of judges in each of such districts. . . ." A.C.A. § 16-10-501 (a).
[2] This statute provides that all bills to redistrict or add new circuit chancery judgeships shall be referred to the appropriate Judiciary Committee of the legislature and that the "Senate or House Judiciary Committee shall request a letter certifying whether or not the proposed change meets the criteria of the Arkansas Judicial Council. . . ." A.C.A. § 10-2-124 (b). The final subsection states that: "No bill to change any of the existing circuit and chancery court districts through redistricting or providing additional judgeships shall be acted upon in either committee until a letter certifying that the proposed change meets the criteria has been attached to the bill. Upon suspension of the Joint Rules of the House and Senate, a bill may be withdrawn from the House or Senate Judiciary Committee and acted upon without the certification of the council attached thereto." A.C.A § 10-2-124 (c).